Richard J. Reynolds (SBN 11864)
E-mail: rreynolds@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363    Fax: 949.863.3350

Phillip A. Silvestri (SBN 11276)
E-mail: psilvestri@silgid.com
Neal D. Gidvani (SBN 11382)
E-mail: ngidvani@silgid.com
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, Nevada 89104
Tel: (702) 979-4384   Fax: 702.933.0647

Attorneys for Defendant, MTC FINANCIAL INC.
dba TRUSTEE CORPS (erroneously named herein
as TRUSTEE CORP.)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEODEGARIO SALVADOR,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA NA; TRUSTEE CORP, THEIR ASSIGNEES AND/OR SUCCESSORS, DOE INDIVIDUALS A THROUGH X, INCLUSIVE AND ROE CORPORATIONS A THROUGH X INCLUSIVE, AND ALL OTHER PERSONS UNKNOWN AND CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE REAL PROPERTY DESCRIBED IN THIS COMPLAINT ADVERSE TO PLAINTIFF'S OWNERSHIP OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO,<br><br>Defendants | Case No. 2:14-cv-00149-LDG-GWF<br><br>**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' MOTION TO QUASH SERVICE** |

/ / /

/ / /

IRV #4846-3933-6728 v1                                    - 1 -

Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS (erroneously named herein as TRUSTEE CORPS) ("TRUSTEE CORPS") moves to quash service of process and dismiss the claims in Plaintiff's Complaint. This motion is based on the pleadings and papers on file herein and the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   DEFENDANT HAS NOT BEEN PROPERTY SERVED

Plaintiff LEODEGARIO SALVADOR apparently attempted service of the Summons and Complaint on TRUSTEE CORPS on January 2, 2014, via United States Postal Service, regular mail. (*See*, Exhibit A attached, AFFIDAVIT OF SERVICE.) The mailing sent to TRUSTEE CORPS did not include any waiver of service form or request for the same. Plaintiff failed to comply with the Federal Rules of Civil Procedure or Nevada Rules of Civil Procedure. The attempt at service is improper pursuant to Fed. R.Civ. P. 4(h) and 4(d), and should be quashed.

Plaintiff is required to properly serve the Summons and Complaint on all Defendants. He has failed to accomplish proper service. All he did was mail the complaint to TRUSTEE CORPS. The requirements of service of process are described in detail in Rule 4 of the Nevada Rules of Civil Procedure. One way to properly serve Defendants is for Plaintiff to have an authorized agent deliver the Summons and Complaint to Defendant's duly appointed resident agent. Another way to effect service is to personally serve an employee of Defendant who is authorized to accept service of process. Plaintiff did neither.

Defendant TRUSTEE CORPS therefore brings this motion as a challenge to service, pursuant to FRCP 12, which provides that to avoid waiver of a defense of lack of jurisdiction over the entity, insufficiency of process, or insufficiency of service or process, the Defendant should raise its defenses either in an answer or pre-answer motion. *Dougan v. Gustaveson*, 108 Nev. 517, 835 P.2d 795 (1992), abrogated in part on other grounds by *Scrimer v. Eighth Judicial District Court*, 116 Nev. 507, 998 P.2d 1190 (2000), and *Fritz Hansen A/S*, 116 Nev. 650, 6 P.3d 982 (2000). This is the defense raised by Defendant TRUSTEE CORPS herein.

Without proper service, this Court should dismiss Plaintiff's Complaint against Defendant TRUSTEE CORPS.

Federal Rule of Civil Procedure 12(b)(5) provides a defense for "insufficiency of service of process." Plaintiff's failure to properly serve the Complaint despite having adequate time to effectuate service of process provides a basis for the present motion.

### A. Mailing the complaint Is Not Proper Service Under FRCP Rule 4

The Nevada Rules of Civil Procedure provide:

> **(d) Summons: Personal Service.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:
>
> (1) Service upon Nevada corporation. If the suit is against an entity or association formed under the laws of this state or registered to do business in this state, to the registered agent thereof . . . ."[1]

Service by mail is not personal service. In *C.H.A. Venture v. GC Wallace Consulting Eng'rs, Inc.*, 106, Nev. 381, 794 P.2d 707 (1990), the court held that notice is not a substitute for service of process. Personal service or a legally provided substitute must still occur in order to obtain jurisdiction over a party. Service is a threshold requirement, without which, leaves this Court entirely without jurisdiction over Plaintiff's claims. Because of the insufficient service of process, this Court should quash service until such time a proper service is made.

///
///
///
///
///
///
///
///
///

---

[1] The federal rules adopt the applicable state law concerning service of process. *See*, FRCP Rule 4(e)(1) and Rule 4(h)(1)(A).

## II. CONCLUSION

For the above reasons, Defendant TRUSTEE CORPS requests the improper attempt at service by Plaintiff be quashed.

Dated: February 7, 2014

Burke, Williams & Sorensen, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067


By: /s/ *Richard J. Reynolds*
Richard J. Reynolds

Phillip A. Silvestri
Neal D. Gidvani
SILVESTRI GIDVANI, P.C.
1810 East Sahara Avenue, Suite 1395
Las Vegas, Nevada 89104

Attorneys for Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS