# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEODEGARIO SALVADOR,

    Plaintiff,

v.

BANK OF AMERICA, N.A., *et al.*,

    Defendants.

Case No. 2:14-cv-00149-LDG (GWF)

**ORDER**

    The plaintiff, Leodegario Salvador, brought this action against Defendant Bank of America, N.A., seeking quiet title to property that Salvador purchased at a Home Owners Association Trustee Sale. Bank of America moves for summary judgment (#34), which Salvador opposes (#36). Having read and considered the papers and pleadings and admissible evidence submitted by the parties, the Court will grant the motion.

Background

    Lacey and Robert Johnson entered into a deed of trust with Republic Mortgage for certain property on December 4, 2004. The underlying loan for $157,426.00 is insured by the Federal Housing Administration. The deed of trust was subsequently assigned to BAC Home Loans Servicing LP (fka Countrywide Home Loans Servicing LP). Bank of America is the successor by merger to BAC Home Loan Servicing LP.

On October 7, 2010, Alessi & Koenig, LLC, (Alessi) recorded a Notice of Delinquent Assessment Lien against the property on behalf of Copperhead Trails Street and Landscape Maintenance Corporation, a homeowners association. On February 23, 2011, Alessi recorded a Notice of Default and Election to Sell Under Homeowners Association Lien. The Notice indicated the amount owed was $2,070, but did not expressly identify which portion of the debt was protected as a NRS 116 super-priority lien, or otherwise list the amount of HOA assessments owed. On November 18, 2011, Alessi recorded a Notice of Trustee's Sale which generally indicated an amount owed of $2,565.00, without specifically indicating whether any portion of the amount owed was protected by the NRS 116 super-priority lien.

On December 15, 2011, Miles, Bauer, Bergstrom & Winters, LLP, acting on behalf of Bank of America, requested the pay-off amount of the NRS 116 super-priority lien from the HOA. Alessi responded to the request by providing a Statement of Account which indicated the monthly HOA assessment was $50.00. Alessi did not specifically identify whether any portion of the lien included an NRS 116 super-priority component, or otherwise identify a super-priority component of the HOA's lien against the property.

On February 2, 2012, Bank of America tendered a check for $450.00 to Alessi, representing the greatest possible amount of any NRS 116 super-priority component of the HOA lien. Alessi returned the check.

On September 27, 2012, Alessi, as trustee for the HOA, sold the property to Salvador for $4,100. The Trustee's Deed of Sale recited that the unpaid debt was in the amount of $4,030.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact

because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.*, at 325. Conversely, when the burden of proof at trial rests

on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Analysis

Among its several arguments in support of its motion for summary judgment, Bank of America argues that the HOA sale of the property to Salvador that was conducted by Alessi did not extinguish the bank's interest in the first deed of trust because the bank had tendered the entire amount of any possible NRS 116 super-priority lien.

Under NRS 116.3116(1), an HOA has a lien for unpaid assessments that is prior to all other liens (with limited exceptions), including priority over a first deed of trust. NRS 116.3116(2)(b). However, as to the first deed of trust, the super-priority component of the lien is limited to nine months of unpaid assessments. NRS 116.3116(2)(c). "As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a super-priority piece and a subpriority piece." *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d

4

408, 411 (Nev. 2014). As further explained by the Nevada Supreme Court in *SFR Investments*, the beneficiary of a first deed of trust can preserve its interest by "determining the precise amount of the super-priority amount" and tendering it "in advance of the sale." *Id*. at 418.

Bank of America attempted to determine the super-priority amount of the HOA lien. Alessi's response on behalf of the HOA did not specifically identify the super-priority amount, but did identify that the HOA's monthly assessment was in the amount of $50.00. Bank of America attempted to pay the maximum possible amount of the super-priority, $450 (nine months multiplied $50.00) to protect its deed of trust. Accordingly, Bank of America did all that was necessary for it to protect its interest in the first deed of trust. That the HOA did not accept an unconditional tender of the full amount of any possible super-priority component of its lien establishes, at most, that its lien did not include any super-priority lien. As such, the HOA's subsequent sale of the property for $4,100 to Salvador could not and did not extinguish Bank of America's interest in the property secured by the first deed of trust.

Salvador's opposition is cursory. He asserts, without reference to any evidence, that "there is a dispute as to the correct amount necessary to pay the super-priority lien of the HOA." Salvador does not, however, offer any evidence that the HOA monthly assessment was $50.00. As such, there is no material dispute that the maximum possible amount of any super-priority component of the HOA lien would have been $450. Salvador also does not offer any evidence that Alessi, on behalf of the HOA, returned the tendered amount and, in so doing, established that the super-priority component of the HOA lien was $0. Salvador has not identified any issue of fact as to the amount of the super-priority component of the HOA lien.

As the HOA sale could not have extinguished Bank of America's first deed of trust, the Court need not address the bank's remaining arguments.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Bank of America, N.A.'s Motion for Summary Judgment (#34) is GRANTED; the claims of plaintiff Leodegario Salvador against defendant Bank of America, N.A., are DISMISSED with prejudice.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall enter judgment in favor of defendant Bank of America, N.A.

DATED this ____ day of March, 2016.

Lloyd D. George
United States District Judge

6